UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JERRY MARSHALL,

       Plaintiff,                    Case No. 3:14-cv-465

vs.

COMMISSIONER OF               District Judge Walter H. Rice
SOCIAL SECURITY,            Magistrate Judge Michael J. Newman

       Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (doc. 7),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

## A.    Procedural History

Plaintiff filed for DIB and SSI alleging a disability onset date of September 5, 2008. PageID 285-89.  Plaintiff suffers from a number of impairments including, among others, low back disorder, respiratory disorder, affective disorder, and an anxiety disorder.  PageID 51.

After initial denial of his claims, Plaintiff received a hearing before ALJ Christopher L. Dillon on April 10, 2013.  PageID 73-106.  The ALJ issued a written decision on June 10, 2013, finding Plaintiff not "disabled."  PageID 49-64.  Specifically, the ALJ's findings were as follows:

1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 2013;

2.    The claimant has not engaged in substantial gainful activity since September 5, 2008, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*);

3.    The claimant has the following severe impairments: low back disorder, respiratory disorder, affective disorder, and an anxiety related disorder (20 CFR 404.1520(c) and 416.920(c));

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

5.    After careful consideration of the entire record, I find that the claimant retains the [residual] functional capacity ["RFC"] for work that involves lifting no more than 10 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds; pushing or pulling similar amounts; standing, walking, and sitting for 6 hours each; no climbing of any kind; no more than occasional ability to perform all other postural activity; no foot pedal operation with the right lower extremity; no more than occasional interaction with supervisors, coworkers, and the public; no more than simple, routine, repetitive tasks performed with adequate persistence that only requires regularly scheduled breaks and with a pace that would allow for production quotas.

6.     The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.     The claimant was born [in] 1977, and was 30 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.     The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.     Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.     The claimant has not been under a disability, as defined in the Social Security Act, from September 5, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 51-64.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 38-45, 472-74. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

**B.**     **Evidence of Record**

Plaintiff, in his Statement of Errors, sets forth an extensive summary of the medical evidence. Doc. 9 at PageID 1325-33. The Commissioner defers to the statement of evidence set forth by the ALJ and offers no specific objection to Plaintiff's recitation of relevant evidence. Doc. 10 at PageID 1345. Accordingly, except as otherwise noted in this Report and

3

Recommendation, the undersigned incorporates Plaintiff's undisputed summary of the evidentiary record.  Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

### A.  Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference."  *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.    "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations.  20 C.F.R. § 404.1520(a)(4).  Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1.    Has the claimant engaged in substantial gainful activity?

2.    Does the claimant suffer from one or more severe impairments?

3.    Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4.    Considering the claimant's RFC, can he or she perform his or her past relevant work?

5.    Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition.  *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

Plaintiff argues that the ALJ erred by: (1) failing to recognize Phillip Whitecar, M.D. as a treating physician and, thus, not weighing his opinion as such according to applicable regulations; (2) omitting, without explanation, the functional restrictions opined by medical sources upon which he relies in forming Plaintiff's RFC; (3) not giving weight to the opinion of treating Nurse Bobbie Fussichen; and (4) improperly assessing Plaintiff's credibility.  Doc. 9 at PageID 1333-42.

### A.    Treating Source

Plaintiff first argues that the ALJ erred in finding that the record does not "demonstrate that [Dr. Whitecar] is a treating or examining source."  *See* PageID 62; *see also* doc. 9 at PageID 1334-37.  The Commissioner does not oppose Plaintiff's contention in this regard and appears to concede such error by arguing only that the ALJ's characterization of Dr. Whitecar as a non-treating, non-examining source is of no consequence.  Doc. 10 at PageID 1346.

Social Security regulations define a "treating physician" as the claimant's "own physician, psychologist, or other acceptable medical source who provides . . . or has provided . . . medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with" the claimant.  20 C.F.R. § 404.1502.  A claimant has "an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that" the claimant currently sees, or previously saw, "the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the claimant's] medical condition(s)." *Id*.  A doctor treating or evaluating a claimant "only a few times or only after long intervals" may be considered a "treating source if the nature and frequency of the treatment or evaluation is typical for [the claimant's] condition(s)."  *Id*.

Plaintiff saw Dr. Whitecar in 2007, and then from November 2009 through March 2011. PageID 668-89, 853-72. Thus, evidence in the record supports Plaintiff's contention that Dr. Whitecar is, in fact, a treating physician. Again, the Commissioner presents no argument in opposition to Plaintiff's contention, and the undersigned finds the Commissioner's silence in this regard to be a concession of the fact that Dr. Whitecar is a treating physician, as defined by the regulations.

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id.* "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id.* "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakely*, 581 F.3d at 406 (citation omitted). Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be

7

obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2); *see also Blakely*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakely*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.*

Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R. § 404.1527(c). In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

The Court acknowledges that an ALJ is not required to accept a physician's conclusion that his or her patient is "unemployable." Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's

opinion -- that his or her patient is disabled -- is not "give[n] any special significance."  20 C.F.R. § 404.1527; *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician").  However, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

Here, contrary to the Commissioner's contention on appeal, Dr. Whitecar's opinion includes more than a simple statement that Plaintiff is unemployable.  *See* PageID 813.  Dr. Whitecar specified Plaintiff's actual limitations, finding that Plaintiff could stand and walk for a half hour per workday (five to ten minutes without interruption); sit for one hour per workday (twenty minutes without interruption); and lift and/or carry up to five pounds occasionally.  *Id*. In finding that Dr. Whitecar's opinion "is not entitled to more than minimal weight," the ALJ failed to conduct a controlling weight analysis, *i.e.*, determine whether his opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and [is] not inconsistent with other substantial evidence in the case record." *See* 20 C.F.R. § 404.1527(c)(2). Failure to conduct that review, and adequately explain the controlling weight analysis, is reversible error.  *See Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *4 (S.D. Ohio Aug. 19, 2014).

Accordingly, the undersigned finds that the ALJ's non-disability finding must be reversed as a result of the ALJ's failure to comply with the treating physician rule.

## B.     Other Medical Sources

Plaintiff also argues that the ALJ erred by failing to adopt all functional limitations found by those medical sources -- namely record-reviewing state agency consultants -- to whom the

ALJ assigned "significant weight."  Doc. 9 at PageID 1339.  The ALJ failed to identify these doctors, provide any information concerning the substance of their opinions, or state more than the conclusory assessment that "their opinions are supported by the relatively mild objective and clinical findings of record, the nature and history of conservative treatment, and the claimant's activities as documented throughout the record."  PageID 62.

The record contains opinion evidence from four record-reviewing state agency medical sources: James Gahman, M.D.; Robelyn Marlow, Ph.D.; Gerald Kylop, M.D.; and Paul Tangeman, Ph.D.  *See* PageID 117-20, 128-31, 143-46, 156-59.  Given the ALJ's conclusory assessment of all state agency reviewers, the undersigned cannot adequately assess whether the ALJ separately analyzed any of the required factors in 20 C.F.R. § 404.1527(c) in weighing these opinions.  This failure constitutes reversible error.  *See Miller v. Comm'r of Soc. Sec.*, No. 3:14-CV-208, 2015 WL 2383632, at *5 (S.D. Ohio May 19, 2015).  The undersigned also notes that, in weighing opinions of non-treating sources, Social Security regulations require the ALJ to apply the same level of scrutiny as afforded to treating source opinions.  *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir. 2013).  "A more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation[s] require[]."  *Id*.

Further, the undersigned notes that, despite giving the opinions of Drs. Marlow and Tangeman "significant weight," the ALJ failed to adopt the limitations set forth in their reports.  Notably, Drs. Marlow and Tangeman both concluded that Plaintiff requires a work setting "without strict production quotas."  *See* PageID 119,130, 145, 158.  However, the ALJ concluded -- without explanation -- that Plaintiff was capable of work "with a pace that would allow for production quotas."  PageID 58.

Although the undersigned recognizes that an ALJ need only accept those limitations he or she finds credible, *see Casey v. Sec. of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993), the ALJ must meaningfully explain why certain limitations are not included in the RFC determination -- especially when such limitations are set forth in opinions the ALJ weighs favorably.  *See Hann v. Colvin*, No. 12-cv-06234-JCS, 2014 WL 1382063, at *22 (N.D. Cal. Mar. 28, 2014) (finding that "where an ALJ has already found a physician's opinions to be credible and concrete, an ALJ can err by omitting aspects of that physician's opinions from the RFC"); *Stoddard v. Astrue*, No. 3:09-cv-91, 2010 WL 3723924, at *1 (E.D. Tenn. Feb. 19, 2010); *Washington v. Colvin*, No. 13–1147–SAC, 2014 WL 4145547, at *3 (D. Kan. Aug. 19, 2014) (finding the ALJ's "failure to either include [certain] limitations [as opined by a medical source], or explain why they were not included in the RFC findings, [to be] especially problematic in light of the fact that the ALJ accorded "substantial" weight to [the medical source's] opinions").

Based on all of the foregoing, the undersigned concludes that the ALJ erred in analyzing and failing to meaningfully explain the weight accorded the opinions of the record reviewing physicians.

### C.    Credibility

Plaintiff also contends that the ALJ erred in assessing his credibility -- by concluding that his activities in helping his mother undermine his complaints of supposedly disabling pain.  The undersigned makes no conclusion with regard to the ALJ's conclusion in this regard, but notes that the ALJ relied on other factors in making his credibility finding -- such as the objective and

clinical findings of record allegedly not supportive of "the degree of pain or functional limitation alleged" by Plaintiff.  *See* PageID 59.[4]

Finding remand warranted based upon the ALJ's failure to properly assess and weigh medical source opinions, the undersigned makes no finding with regard to this alleged error. Instead, Plaintiff's credibility -- along with all medical source and other source opinions of record -- should be assessed anew on remand.

### D.  Nurse Fussichen

The undersigned likewise makes no finding concerning the ALJ's analysis of nurse Fussichen's opinion.  Because the undersigned concludes that a remand is required to appropriately assess Dr. Whitecar's opinion in accordance with the treating physician rule, the undersigned directs the ALJ to reassess Nurse Fussichen's opinion anew on remand.

### IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990).  The Court may only award benefits where proof of disability

---

[4] With regard to credibility, the ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).  To assess credibility, the ALJ must consider "the entire case record," including "any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record."  *Id.*  To that end, "the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility'" and such determinations "must find support in the record."  *Id.*  "In other words, blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence."  *Id.* at 248.

is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

In this instance, evidence of disability is not overwhelming.  There are a number of divergent medical source opinions in the record regarding Plaintiff's RFC.  *See supra*. Accordingly, the undersigned concludes that remand for further proceedings is proper so that the ALJ can properly assess all opinion evidence of record, and assess Plaintiff's credibility anew in light of the objections raised by Plaintiff in this appeal.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1.    The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2.    This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3.    This case be **CLOSED**.


Date:   November 17, 2015                              *s/ Michael J. Newman*
                                                       Michael J. Newman
                                                       United States Magistrate Judge

## <u>NOTICE REGARDING OBJECTIONS</u>

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).